UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 21-49264

A&M HOME SOLUTIONS, LLC,                                  Chapter 11

                    Debtor.                               Judge Thomas J. Tucker

_____/

### ORDER REQUIRING DEBTOR TO AMEND DISCLOSURE STATEMENT

On March 24, 2022, the Debtor filed a plan and disclosure statement, in a document

entitled "Debtor's Combined Plan and Disclosure Statement" (Docket # 48).  The Court cannot

yet grant preliminary approval of the disclosure statement contained within this document

("Disclosure Statement").[1]  The Court notes the following problems, which the Debtor must

correct.

1.  The Debtor must delete the definition of "Closing Date" in Article I.A.9 of the

Disclosure Statement on page 2.  That defined term is not used anywhere in the Disclosure

Statement.

2.  The Debtor must delete the following language in Article I.F.1 of the Disclosure

Statement on pages 6-7:

> Prior to doing so, Debtor may file a motion with the court to seek
> discharge from any debt of whatever character against the Debtor
> that arose before the date of such confirmation, and any debt of a
> kind specified in Section 502(g), 502(h), or 502(I) of the Code,
> whether or not:

---

[1]  It appears that the Debtor intended to state its reorganization plan on pages 1-12, and intended
that the disclosure statement appear beginning on page 12, starting at Section II, titled "Description of the
Debtor."  But the document filed by the Debtor does not explicitly label any particular part as the
disclosure statement.  For this reason, the Court will cite each part of the document discussed in this
Order as the "Disclosure Statement."

(a) a proof claim based on such debt is filed or deemed filed under Section 501 of the Code;

(b) such claim is allowed under Section 502 of the Code; or

(c) the holder of such claim has accepted the Plan.

Under 11 U.S.C. § 1141(d)(3), in the case of a limited liability company that is liquidating and not continuing its business, as in this case, claims and interests will not be discharged.

3.  Because of this, the Debtor also must modify Article VI.E of the Disclosure Statement on pages 18-19 by deleting paragraph 2 in its entirety and replacing it with the following:

2.      In the case of a <u>limited liability company</u> that is liquidating and not continuing its business, as in this case:

(a)      Claims and interests will not be discharged.

(b)      Creditors and members will not be prohibited from asserting their claims against or interests in the debtor or its assets.

4.  In Article I.B.2 of the Disclosure Statement, on pages 3-4, the Debtor states that "[a]ll creditors other than creditors holding an Administrative Claim, . . . must have filed proofs of claim, if necessary, by the Bar Date."  The Bar Date is defined in Article I.A.5 as April 11, 2022. The Debtor must modify the foregoing sentence to state that "Except for governmental units, all creditors other than creditors holding an Administrative Claim, . . . must have filed proofs of claim, if necessary, by the Bar Date.  The deadline for governmental units to file proofs of claim is July 11, 2022."[2]

Accordingly,

IT IS ORDERED that no later than **April 12, 2022**, the Debtor must file an amended

---

[2]  *See* Fed. R. Bankr. P. 3003(c)(3); "Notice of Chapter 11 Bankruptcy Case" (Docket # 6) at 2, ¶ 7.

combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that no later than **April 12, 2022**, the Debtor also must file a redlined version of the amended combined plan and disclosure statement, showing the changes the Debtor has made to the "Debtor's Combined Plan and Disclosure Statement" filed March 24, 2022.

**Signed on April 7, 2022**



/s/ Thomas J. Tucker

**Thomas J. Tucker**
**United States Bankruptcy Judge**